Dear Chairman McCall,
The Attorney General is in receipt of your request for an opinion, wherein you asked the following questions:
 May the State enter into a real estate lease contract that contains consecutive year renewal options with an escalation clause on the renewal options to allow for increases in utility rates?
This office has ruled by earlier opinion that real estate lease contracts are not covered by the provisions of the Central Purchasing Act but are controlled through the general provisions of 74 O.S. 63 (1971) and 74 O.S. 94 (1971). See Oklahoma Attorney General's opinion 76-158. The above cited 74 O.S. 63 provides in part as follows:
74 O.S. 63 General Powers and Duties of Board . . .
 Said Board shall have charge of the construction, repair, maintenance, insurance and operations of all buildings owned, used or occupied by or on behalf of the State; . . . it shall make all necessary contracts by or on behalf of the State for any buildings or rooms rented for the use of the State or any of the officers thereof;
The exercise of an option to renew by the State in effect constitutes a new contractual agreement between the parties and as such may only be exercised by the State Board of Public Affairs in accordance with the above quoted statute.
However, escalation clauses allowing for increased utility rates could not be a proper provision in contracts with the State of Oklahoma.
Escalation clauses, by their nature, are not based upon the actual use of the utility service but would be based upon other indirect criteria as e.g. square footage leased. This type provision would not reflect the true cost of the service rendered and would have the inherent danger of passing additional and improper charges onto the state and make projections of costs by the Board of Public Affairs for budget purposes a more difficult and unreliable process. Such a clause would also result in a resale of the utility service for profit by a consumer without the approval or regulation of the Corporation Commission. See General Rules and Regulations Governing Operations of Electric Utilities, No. 11.
It is, therefore, the opinion of the Attorney General that the Statemay not enter into a real estate lease contract that contains consecutiveyear renewal options with an escalation clause on the renewal options toallow for increases in utility rates.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
JOHNNY J. AKINS, ASSISTANT ATTORNEY GENERAL